**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4919**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVAN HRCKA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:08-cr-00225-RJC-DCK-1)

Submitted:  June 3, 2010                    Decided:  June 22, 2010

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Matthew R. Segal, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Edward R. Ryan, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Hrcka was convicted of one count of knowingly possessing a passport with a false entry stamp, in violation of 18 U.S.C. § 1546(a) (2006) (Count One), and one count of knowingly presenting a passport with a false entry stamp in support of an immigration application, in violation of 18 U.S.C. § 1546(a) (Count Two). Hrcka claims the evidence was insufficient to support Count One because his possession was not knowing and the evidence supporting Count Two was insufficient because the false entry stamp was not material. We reject both claims and affirm.

When a defendant challenges the sufficiency of the evidence, this court considers whether the evidence, when viewed in the light most favorable to the Government, was sufficient for any rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Stewart, 256 F.3d 231, 250 (4th Cir. 2001). If substantial evidence exists to support a verdict, it must be sustained. Glasser, 315 U.S. at 80. This court does not review the credibility of witnesses and assumes the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence

should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (citation and internal quotation marks omitted).

18 U.S.C. § 1546 criminalizes the fraudulent use of visas, permits and other documents. With respect to Count Two, the statute criminalizes knowingly subscribing as true "any false statement with respect to a *material* fact in any application . . . or knowingly present[ing] any such application, affidavit, or other document containing any such false statement." 18 U.S.C. § 1546 (emphasis added). A falsehood is material if it has a natural tendency to influence the decisions of the decision maker. Kungys v. United States, 485 U.S. 759, 772 (1988); see also United States v. Wu, 419 F.3d 142, 144 (2d Cir. 2005). We review a finding of materiality for clear error. See United States v. Garcia-Ochoa, __ F.3d __, No. 09-4620(L), slip op. at 7 (4th Cir. June 11, 2010).

We find Hrcka's false entry stamp on his passport was clearly material as it was capable of influencing immigration officials and bringing Hrcka closer to the relief he was seeking. See Wu, 419 F.3d at 144-46; see also Garcia-Ochoa, No. 09-4620(L), slip op. at 11 ("[F]alse reporting of information deemed important by the legislature and executive cannot lightly be deemed unimportant by the courts."). As was held in United States v. Sebaggala, 256 F.3d 59, 65 (1st Cir. 2001), "if a

3

statement could have provoked governmental action, it is material regardless of whether the agency actually relied upon it." Similarly, this court has stated that "a finding of materiality is not dependant upon whether the fact finder was actually influenced by a defendant's false statements." United States v. Sarihifard, 155 F.3d 301, 307 (4th Cir. 1998). Because the false entry stamp was material, we find there was sufficient evidence supporting Count Two. We likewise find, with respect to Count One, sufficient evidence supporting the finding that Hrcka knowingly possessed an improperly altered document.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED